UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNADO K. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 24-1466 |
| JACKIE, *et al.* | ) ) ) |
| Defendants. | ) ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at McLean County Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983. Matter is before the Court for ruling on Plaintiff's petition to proceed in forma pauperis (Doc. 3), motion to request counsel (Doc. 4), motion for preliminary injunction (Doc. 6), and for screening pursuant to 28 U.S.C. § 1915A.

**Plaintiff's Petition to Proceed in forma pauperis (Doc. 3)**

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The district court applying this section must make its own determination regarding whether previous dismissals count as "strikes." *Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020).

A review of Plaintiff's litigation history discloses at least three cases that were dismissed on res judicata/claim preclusion grounds. *Taylor v. Doe*, No. 17 C 2347, ECF No. 6 (N.D. Ill., filed Jun. 2, 2017); *Taylor v. Doe*, No. 17 C 2348, ECF No. 4 (N.D. Ill., filed Jun. 2, 2017); *Taylor v. Doe*, No. 17 C 2349, ECF No. 5 (N.D. Ill., filed Jun. 5, 2017). Dismissals for this reason are considered frivolous for purposes of § 1915(g). *Gleash v. Yuswak*, 308 F.3d 758, 762 (7th Cir. 2002); *Schillinger v. Kiley*, 2022 WL 4075590, at *2 (7th Cir. 2022) (dismissal for affirmative defense that is clear from the pleadings generally warrants a strike under § 1915(g)). The Court finds that § 1915(g) applies to this case.

The Seventh Circuit has further directed district courts to "return unfiled any papers submitted either directly or indirectly on behalf of [Plaintiff]," except in criminal cases, cases challenging the terms of his confinement, and where Plaintiff "files while in imminent danger of serious physical injury, and that requests judicial aid in bringing that danger to an end." *Taylor v. Miller*, No. 20-2221, ECF No. 14 at 4 (7th Cir., filed Oct. 9, 2020). If the last exception applies, the district court must resolve the question of whether Plaintiff faces an imminent danger. *Id.*

Pursuant to § 1915(g) and the Seventh Circuit's order, Plaintiff may proceed *in forma pauperis* only if he is in imminent danger of serious physical injury. The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328,

330 (7th Cir. 2003). The second prong, danger, must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff alleges in his complaint that he suffers from anxiety, PTSD, major depression, bipolar disorder, and schizophrenia that require chronic care, including access to crisis teams, group and other therapy, and medications. He alleges that McLean County jail officials have failed to provide access to crisis teams and group therapy upon request, resulting in thoughts of hopelessness, suicide, and harming others. He alleges that Defendant Staci prescribed medication different than that previously prescribed by an outside physician and that officials provide the medication in crushed form without justification "so the nurses can kill me in [sic] cover it up at all time." Plaintiff alleges that he does not take the crushed medications, that he otherwise receives the medications several hours late, and that he is not provided with "sack" when the medication must be taken with food. Plaintiff alleges that officials "lock me in a cell and watch me on a camera to see what I like in food so they can kill me." Plaintiff suggests that officials' actions are related to previous lawsuits he filed.

Long-term psychological harm, standing alone, is not sufficient to support a finding that a plaintiff faces an imminent danger of serious physical harm. *Sanders v. Melvin*, 873 F.3d 957, 959-60 (7th Cir. 2017). A plaintiff required to make this showing must plausibly allege that either the psychological harm or other conditions endured are likely to result in self-harm or other physical harm. *Id.* at 960. Liberally construed, Plaintiff's allegations support a plausible inference that the general lack of mental health treatment will result in self-harm. Plaintiff's petition to proceed in forma pauperis is granted.

**Screening Pursuant to 28 U.S.C. § 1915A**

The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's allegations, although sufficient to satisfy the imminent danger inquiry under § 1915(g), are too sparse and conclusory for the Court to find that Plaintiff states a claim against a particular defendant or to decipher the full extent of his claims. The fact that jail officials prescribed different medication than an outside physician is not, on its own, sufficient to impose constitutional liability. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012) (medical staff not constitutionally required to defer to previous doctor's treatment). Nor is Plaintiff's disagreement with the treatment provided or his preference for alternative medications. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability); *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) ("We have routinely rejected claims…where a prisoner's claim is based on a preference for one medication over another unless there is evidence of a substantial departure from acceptable medical judgment."). The Court finds that Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff also filed at least two other lawsuits alleging the denial of mental health treatment during the timeframe relevant to this case and against the same defendants. *See Taylor v. Jackie*, No. 24-1471 (C.D. Ill.); *Taylor v. Jackie*, No. 24-1370 (C.D. Ill.). To provide Plaintiff with an opportunity to consolidate and to fully present his claims, Plaintiff's complaint is dismissed with leave to amend. The Court will enter separate orders in Plaintiff's other cases noted above dismissing them as duplicative and indicating that Plaintiff may present those allegations in this case.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motion for Preliminary Injunction (Doc. 6)

Plaintiff's motion asks the Court to order jail officials "to send me out to be [found] fit and not at the jail," to give him medications he was receiving prior to his detention and one-on-one therapy, and for certain officials "to stop working" where he is housed.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

Plaintiff appears to allege that he has fitness-to-stand-trial proceedings pending in a criminal case that predicates his current detention. He alleges that jail officials "play" with his medication and food, fail to provide unspecified mental health treatment, and that they want to kill him and cover it up.

The Court does not have authority to order Plaintiff's transfer to a mental health treatment center for reasons related to his underlying criminal case. He has not provided sufficient information for the Court to find that jail officials are failing to provide adequate mental health treatment or that the issues with his food and medication violate his constitutional rights. Plaintiff's allegations that officials are trying to kill him are too conclusory and unsupported by any exhibits.

The PLRA prevents the Court from interfering with prison guard assignments and other staffing issues. *Rasho v. Jeffreys*, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-intrusive-means requirement). The Court finds that Plaintiff fails to show a reasonable likelihood of success on the merits. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Petition to Proceed in forma pauperis [3] is GRANTED. Clerk is directed to enter the text order directing jail officials to collect payment pursuant to 28 U.S.C. § 1915(b).**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motion [4] is DENIED with leave to renew.**

5) **Plaintiff's Motion [6] is DENIED.**

6) **Given the nature of Plaintiff's allegations, Clerk is directed to send a copy of Plaintiff's complaint to the warden at McLean County Detention Facility.**

Entered this 13th day of March, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
